THE UNITED STATES DISTRICT COURT
NORTER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR203 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTOINE WILLIAMS, | ) | |
| | ) | (Resolves Doc. 18) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Antoine Williams' motion to suppress (Doc. 18). The Government has opposed the motion, and no reply has been filed. Upon review, the motion is DENIED.

In his motion, Williams challenges the search of a room at the Arlington Inn Suites in Elyria, Ohio. Williams' sole contention is that the affidavit in support of the warrant failed to establish the reliability of the confidential informant. The Court now reviews that argument.

1. Reliability of the informant

"A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007)(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates*, 462 U.S. at 231). In

turn, when a warrant is supported by an affidavit, "[c]ourts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). Therefore, "review of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id*. Thus, "[t]o justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)(quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)).

The Sixth Circuit has previously explained that "in the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *Frazier*, 423 F.3d at 532. "[T]his independent police corroboration may be established by a police-monitored controlled buy[.]" *United States v. Hawkins*, 278 Fed.Appx. 629, 635 (6th Cir. 2008). Indeed, law enforcement officers frequently employ controlled purchases of illegal narcotics in order to establish probable cause in circumstances where they cannot personally vouch for the reliability and credibility of a particular confidential informant. *See, e.g., United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (concluding that "corroboration of events that occurred during the controlled buy, as set forth in the affidavit, provide sufficient probable cause to sustain issuance of the search warrant"); *United States v. Coffee*, 434 F.3d 887, 894 (6th Cir.2006) (affirming the district court's conclusion that even though there were no statements in the affidavit about the reliability of the CI, "[the officer's] statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information and, thus, provided sufficient probable cause for the issuance of the search warrant"); *United States v. Pinson*, 321 F.3d 558,

563 (6th Cir. 2003) (noting that "the affidavit in th[e] case contained [the officer's] personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant were later tested positive for cocaine base").

In this case, the affidavit detailed three separate controlled buys.  In a case that included only a single controlled buy, the Sixth Circuit held:

> Admittedly, in the instant case, the affidavit only details one controlled purchase and fails to mention whether law enforcement officials monitored the purchase with a listening device. That notwithstanding, and in reliance on [prior precedent], under the totality of the circumstances in this case, the single controlled purchase was sufficient independent corroboration of the confidential informant. Thus, the warrant was supported by probable cause.

*United States v. Henry,* 299 Fed. Appx. 484, 487–88 (6th Cir. 2008).  Unlike in *Henry*, police in this matter conducted electronic surveillance throughout all three controlled buys. On each occasion, the CI used funds provided by the office, returned with narcotics, and identified Williams as the source of the drugs.  The warrant, therefore, was supported by probable cause.

Based upon the above, the Court finds no merit Williams' sole argument.  The motion to suppress is DENIED.

IT IS SO ORDERED.

Dated: November 18, 2022                /s/ Judge John R. Adams
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT